■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELVIN HAYWOOD, Appellant. [622 NYS2d 270] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered December 16, 1991, convicting defendant, after a jury trial, of rape in the first degree, robbery in the first degree and criminal possession of a weapon in the fourth degree, and sentencing him to consecutive terms of 7 to 21 years and 5 to 15 years on the rape and robbery counts, respectively, and a concurrent term of 1 year on the weapon possession count, unanimously affirmed.

Defendant's contention that the prosecutor improperly compelled defendant to testify on cross-examination that the People's witnesses were lying is without merit. Since defendant's direct testimony specifically brought into issue complainant's credibility by asserting that her decision both to smoke crack and have sex with defendant was consensual, the prosecutor was entitled to cross-examine defendant regarding that issue *(People v Pittman,* 197 AD2d 437, 438, *lv denied* 82 NY2d 901). Thus, it was proper to briefly ask defendant whether a disagreement had arisen between him and complainant that would have motivated her to falsely accuse him of forcibly engaging in sex and stealing her belongings. As the People note, such questioning addressed the "logical flaw in defendant's account", namely his failure to explain "why

[complainant] would have engaged in consensual relations with defendant and then, minutes later, claim that she had been raped". In any event, defendant was never coerced into saying that complainant was a liar.

We perceive no abuse of discretion in sentencing. Concur— Ellerin, J. P., Kupferman, Asch, Nardelli and Williams, JJ.